UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN ANDREW COX,

    Plaintiff,

    v.

CALIFORNIA FORENSIC MEDICAL GROUP, et al.,

    Defendants.

Case No. 14-cv-04662-KAW

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Dan Andrew Cox, a state prisoner incarcerated at Lake County Hill Road Correctional Facility Jail ("Hill Road Jail"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by California Forensic Medical Group ("CFMG") and the medical staff at the Hill Road Jail. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application, which is granted in a separate order. The Court now addresses the claims asserted in Plaintiff's complaint.

**DISCUSSION**

**I.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**II.    Plaintiff's Claims**

The following is a summary of the allegations in Plaintiff's complaint. On December 7, 2013, while Plaintiff was in custody, his upper mandible was severely fractured. Plaintiff notified

the officer on duty and the medical staff at the Hill Road Jail, but they told him he was fine. For the next six weeks Plaintiff begged medical staff to take him to the hospital because he was in extreme pain, his teeth were floating around in his upper jaw; he couldn't eat; and his nose bled daily. When Plaintiff saw the dentist six weeks later, the dentist determined that Plaintiff's injury was beyond his level of expertise and sent Plaintiff to a specialist. The specialist confirmed that Plaintiff's mandible was broken but told Plaintiff it was too late to treat it because it had started to heal. Instead of re-breaking the jaw, the specialist said, "let it heal."

### III. Deliberate Indifference to Serious Medical Needs

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837. Such indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care. *McGuckin*, 974 F.2d at 1062 (delay of seven months in providing medical care during which medical condition was left virtually untreated and plaintiff was forced to endure "unnecessary pain" sufficient to present colorable § 1983 claim).

Plaintiff's allegations meet the first prong of the *Farmer* test in that his fractured mandible appears to be a serious medical need. However, he has not met the second prong required by *Farmer* because he has not named a particular individual or individuals who acted with the subjective state of mind that constitutes deliberate indifference.

The specific claim against CFMG fails for many reasons. First, Plaintiff does not name the

individual who denied him medical treatment. As indicated above, § 1983 does not allow claims based on vicarious liability; in other words, the named defendant must have actually caused the constitutional violation. Therefore, a claim against the entity, CFMG, is insufficient to state a cognizable § 1983 claim. Second, to state a claim under § 1983, the defendant must have acted under color of state law. According to Plaintiff's complaint, CFMG appears to be a private medical group to which Plaintiff was referred when the Hill Road Jail dentist determined that Plaintiff's medical needs were beyond his level of expertise. Private actors have been found to act under color of state law where they contract with the state to provide a service that the state bears "an affirmative obligation to provide." *West v. Atkins*, 487 U.S. 42, 55-56 (1988) (finding private doctor acted under color of state law in providing medical care to inmates under a contract with prison because Eighth Amendment requires prison to provide such care to inmates). Unless the individual CFMG employee who violated Plaintiff's constitutional rights was a state employee or a state contractor, Plaintiff may not assert a civil rights claim against that individual.[1] Finally, the allegation that the CFMG employee did not re-break Plaintiff's jaw and told Plaintiff to let it heal is insufficient to state a claim for deliberate indifference to serious medical needs. Apparently, Plaintiff disagrees with the treatment plan of letting his jaw heal by itself. A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). However, allegations that the failure to re-break his jaw caused Plaintiff serious pain or injury or resulted in a deformed jaw, may state a claim for deliberate indifference. Plaintiff is granted leave to file an amended complaint to remedy these deficiencies, if he truthfully can do so.

Plaintiff has a stronger claim against the individual or individuals at the Hill Road Jail who delayed Plaintiff's medical treatment such that his jaw could not be treated. *See McGuckin*, 974 F.2d at 1062 (indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment). However, because Plaintiff has not named the individual or individuals who caused the delay or interfered with his medical care, his claim must be dismissed. Plaintiff is

---

[1] This does not preclude a negligence cause of action under state law. However, such a claim would have to be brought in state court.

granted leave to amend to remedy this deficiency.

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. The claims against Defendants are dismissed.

2. Plaintiff is granted leave to amend to name the proper defendants and to remedy the other deficiencies noted above.

3. If Plaintiff chooses to file an amended complaint, he must do so within <u>twenty-eight days</u> from the date of this Order.  He must file the amended complaint on the Court's civil rights complaint form with the words "First Amended Complaint," on the upper right hand side of the cover page.  Plaintiff must use in the caption of the Amended Complaint the name of this case, *Cox v. CFMG, et al.*, and the case number C 14-4662 KAW (PR)   Plaintiff is advised that an amended complaint supersedes the original complaint.  *See London V. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (plaintiff waives all claims alleged in original complaint which are not alleged in amended complaint).  Failure to amend within the designated time will result in the dismissal of this action.

4. It is Plaintiff's responsibility to prosecute this case.  He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

5. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

6. The Clerk of the Court shall send Plaintiff a blank civil rights form with this Order.

**IT IS SO ORDERED**.

Dated:  January 14, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge