UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN ANDREW COX,

    Plaintiff,

v.

ALISHA STOTTSBERRY, et al.,

    Defendants.

Case No. 14-cv-04662-KAW (PR)

**ORDER SERVING COGNIZABLE CLAIM**

Plaintiff, Dan Andrew Cox, a state prisoner incarcerated at Lake County Hill Road Correctional Facility Jail ("Lake County Jail"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by California Forensic Medical Group, Inc. ("CFMG") and the medical staff at the Lake County Jail. On January 14, 2015, the Court issued an Order dismissing the complaint with leave to amend. On January 26, 2015, Plaintiff filed an amended complaint, which the Court now reviews. Dkt. No. 10.

**DISCUSSION**

**I.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v.*

*Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

**II. Plaintiff's Claims**

In the Court's January 14, 2015 Order, it found that the complaint's allegations that Plaintiff had a fractured mandible appeared to be a serious medical need, meeting the first prong for deliberate indifference to serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, the Court found that the complaint failed to meet the second prong of the *Farmer* test because it did not name any individual who denied, delayed or intentionally interfered with medical treatment for Plaintiff's fractured mandible.

In his amended complaint, Plaintiff alleges the following: On December 7, 2013, when Plaintiff was in custody at the Lake County Jail, he slipped and fractured his upper mandible. He notified the medical staff and officers of his injury. Nurse Jim Miller told Plaintiff that he was "fine." An hour later, Plaintiff' face was starting to swell and he was in severe pain. The officer

took him to booking and took photographs of his face, but refused to take him to the hospital for an MRI and proper medical care. An hour later, the officers took Plaintiff back to his cell and gave him ibuprofen and told him to drink plenty of water. For the next month, Plaintiff begged the medical staff to take him to the hospital for treatment, but they did not do so.

When Plaintiff finally was taken to CFMG, a private company under contract with the Lake County Jail to provide their medical service, he saw a dentist who told him that treating his mandible was beyond the dentist's skill level and ordered that Plaintiff see a specialist. Approximately a month and a half after he was injured, Plaintiff saw Dr. Bottger, a dental specialist, who said that it was too late to do anything about the fractured mandible because it had already started to heal. He suggested that Plaintiff return in a year after the mandible completely healed and he would try to correct Plaintiff's bite.

For months, Plaintiff requested a follow-up appointment with Dr. Bottger, but his requests were denied. Finally, on November 22, 2014, Plaintiff saw Dr. Andrus, another dentist "at the facility." Dr. Andrus found that Plaintiff's "bite is off," his teeth have shifted to the left and he has a deviated septum. Dr. Andrus said that surgery would be required to correct these conditions and that he would discuss the surgery with Dr. Bottger and Alisha Stottsberry, Medical Director of Lake County Jail. Plaintiff has not heard from anyone since his appointment with Dr. Andrus.

Plaintiff names as Defendants Alisha Stottsberry, Jim Miller, Casey Grigsby, a Lake County Jail nurse, and CFMG.

Liberally construed, the allegations that Nurse Miller interfered with Plaintiff's obtaining medical treatment after he was injured and that Medical Director Stottsberry knew about Plaintiff's serious medical needs and did nothing to obtain medical treatment for him appear to state a cognizable Eighth Amendment claim against them for deliberate indifference to Plaintiff's serious medical needs. However, because the amended complaint contains no allegations against Grigsby, the claim against him is dismissed. And, because the amended complaint merely alleges that Plaintiff saw dentists employed by CFMG, who treated him the best they could, it does not state a cognizable claim against CFMG. The Eighth Amendment claim against it is dismissed.

3

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. The claims against Grigsby and CFMG are dismissed.

2. Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Lake County Jail Medical Director Alisha Stottsberry and Lake County Jail Nurse Jim Miller.

3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint (docket no. 10) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Lake County Jail Defendants Medical Director Stottsberry and Nurse Miller</u>.  The Clerk shall also mail a copy of the complaint and a copy of this Order to the Lake County Office of the County Counsel, and a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

5. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

6. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from Plaintiff and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply

by repeating the allegations of his complaint.

        c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

        d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    9. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

    11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than fourteen days prior to the deadline sought to be extended.

    12. The Clerk of the Court shall mail, to Defendants, a copy of the form for indicating whether they consent to or decline magistrate judge jurisdiction. This form can also be found at www.cand.uscourts.gov/civilforms.

IT IS SO ORDERED.

Dated: May 7, 2015

*[signature: Kandis Westmore]*

KANDIS A. WESTMORE
United States Magistrate Judge